UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

For Online Publication Only

----------------------------------------------------------------------X
SUCHA SINGH KAHLON,

                            Appellant,         **MEMORANDUM & ORDER**
                                                            24-cv-06843-JMA

       -against-

AMERICAN BANK,

                            Appellee.
----------------------------------------------------------------------X

**AZRACK, United States District Judge:**

Appellant has filed a motion for a stay pending appeal and a request for an expedited hearing on this motion. For the reasons set for the below, Appellant's motion and expedited hearing request are denied.

In considering a request for a stay pending appeal of a bankruptcy court order, district courts apply the following four-factor test: "(1) whether the movant will suffer irreparable injury absent a stay, (2) whether a party will suffer substantial injury if a stay is issued, (3) whether the movant has demonstrated a substantial possibility . . . of success on appeal, and (4) the public interests that may be affected." Hirschfeld v. Bd. of Elections in City of N.Y., 984 F.2d 35, 39 (2d Cir. 1993). The moving party bears a heavy burden to show it is entitled to the extraordinary relief of a stay. In re Sabine Oil & Gas Corp., 551 B.R. 132, 142 (Bankr. S.D.N.Y. 2016).

The Court agrees with Judge Grossman's analysis and his rationales denying the stay motion that was filed before him.[1] (See Oct. 7, 2024 Tr.) The Court briefly adds the following

---

[1] This Memorandum and Order cites to Appellant's Emergency Motion to Stay ("Appt's Mot. to Stay") and to relevant briefing and hearing transcripts from the Bankruptcy proceeding below, In re Sucha Singh Kahlon, No. 8-24-70424-reg, including Appellee's Motion for Relief from the Automatic Stay ("App's Mot. for Relief"), a September 16, 2024 hearing on Appellee's Motion for Relief from the Automatic Stay ("Sep. 16, 2024 Tr."), and an October 7, 2024 hearing on Appellant's Motion to Stay Judgment Pending Appeal ("Oct. 7, 2024 Tr.").

additional points, which further support denial of Appellant's motion for a stay filed with this Court.

While the sale of a primary residence can be found to constitute irreparable harm, Appellant has not established irreparable harm that is "actual and imminent," as the relevant state foreclosure proceeding is pending a decision on a motion for a final judgment and sale. (See id. at 13-16); see also In re Sabine Oil & Gas Corp., 548 B.R. 674, 681 (Bankr. S.D.N.Y. 2016) (noting that irreparable harm "must be neither remote nor speculative, but actual and imminent"). To the extent that the property at issue is in fact the primary residence of Appellant and the sale of the property would lead to the loss of his home, that point would weigh in favor of a finding of irreparable harm.[2] However, there is no indication that eviction is imminent. The record reflects only that the relevant state foreclosure proceeding is pending a decision on a motion for a final judgment and sale. (See Oct. 7, 2024 Tr. at 13-15); see also WNJ24K, LLC v. Civic Fin. Servs., No. 21-CV-322, 2021 WL 1313630, at *5 (D. Ariz. Mar. 25, 2021) (no "impending irreparable harm because there is no foreclosure sale date"); In re Baker, No. 17-CV-12870, 2017 WL 6015380, at *5 (E.D. Mich. Dec. 5, 2017) (harm not imminent when foreclosure sale "many months away."). Accordingly, this factor is at best neutral. See G.L.A.D. Enterprises, LLC v. Deutsche Bank Nat'l Tr. Co. as Tr. for Am. Home Mortg. Inv. Tr. 2006-1, No. 23-CV-3985, 2023 WL 5127835, at *2 (S.D.N.Y. Aug. 10, 2023) (finding the "irreparable harm" factor to be neutral where the property at issue was a

---

[2] "The fact that [a] property will be sold absent a stay does not automatically constitute irreparable harm" because in certain circumstances harm from the sale of a property "may be fully remedied by monetary damages . . ." In re Giambrone, 600 B.R. 207, 213 (Bankr. E.D.N.Y. 2019). However, where the property is a primary residence and the sale of that property "would have catastrophic financial and practical repercussions," including eviction, courts have found irreparable harm. See In re Magnale Farms, LLC, No. 17-61344, 2018 WL 1664849, at *5 (Bankr. N.D.N.Y. Apr. 3, 2018). Here, Appellant alleges that the property at issue is his personal residence where he has resided for many years with his wife and daughter. (Appt's Mot. to Stay at 2,10). Appellee contends that it appears Appellant no longer occupies the property because Appellant has listed a Pennsylvania address on the bankruptcy petition and his paystubs cite a Pennsylvania address. (App.'s Mot. for Relief at 5.) Notably, Appellant does not attempt to explain these Pennsylvania addresses listed on his bankruptcy petition and paystubs. In any event, even assuming that the property is Appellant's primary residence, the Court concludes that the Appellant's request for a stay pending appeal should be denied.

primary residence but there was no indication that eviction was imminent). Moreover, the other factors weigh heavily against the Appellant, as discussed further below.

First, Appellant must also establish that a stay pending appeal will not cause substantial injury to Appellee. See In re Adelphia Commc'ns Corp., 361 B.R. 337, 349 (S.D.N.Y. 2007). "In other words, the moving party must show that the balance of harms tips in favor of granting a stay." Id. However, Appellant has failed to sustain his burden of proof that a stay pending appeal will not cause substantial injury to Appellee, as a stay will further impede Appellee's ability to seek recourse on a debt that has been in default since 2018. (See Sep. 16, 2024 Tr. at 6-7, 32.); see also In re Koper, 560 B.R. 68, 75 (Bankr. E.D.N.Y. 2016) (holding that non-moving parties could be subject to substantial harm by a stay that would "deprive[] [them] of their right to have the Sanctions Motion and damages portion of the[ir] adversary proceedings timely heard and decided").

Additionally, Appellant has not established a substantial possibility of succeeding on appeal. To ultimately succeed on his appeal, Appellant will have to establish that Judge Grossman abused his discretion in granting Appellee relief from the automatic stay. See In re Magnale Farms, LLC, 2018 WL 1664849, at *5 (Bankr. N.D.N.Y. Apr. 3, 2018). No such showing has been made. Instead, the record reflects that the Bankruptcy Court considered and weighed relevant factors necessary to determine whether Appellee had shown cause to grant relief from the stay. (See Sep. 16, 2024 Tr.) The Bankruptcy Court reasoned that the state foreclosure proceeding was the more appropriate forum to adjudicate this dispute and that allowing the state proceeding to continue would not unduly prejudice the bankruptcy proceeding. (Id. at 32-35.) The Bankruptcy Court also pointed out that: (1) this was essentially a "two-party" dispute; and (2) the Appellant had not acted

diligently in various respects, including not filing an adversary proceeding despite the fact that the bankruptcy case had been pending for eight months. (Id. at 31; Oct. 7, 2024 Tr. at 7-8, 11-12).[3]

These considerations are all relevant when determining whether or not cause exists to modify a stay. See In re Sonnax Indus., Inc., 907 F.2d 1280 (2d Cir. 1990) (listing factors relevant to stay modification inquiry, including (1) whether relief would result in a partial or complete resolution of the issues; (2) lack of connection with or interference with the bankruptcy case; and (3) whether a tribunal with the necessary expertise has been established to hear the cause of action).

Therefore, Appellant's arguments that the Bankruptcy Court abused its discretion lack merit, and Appellant has not demonstrated that he has a substantial possibility of success on appeal. Accordingly, Appellant has not met his burden to show he is entitled to the relief of a stay. For these reasons, Appellant's motion for a stay pending appeal and request for an expedited hearing are DENIED.

**SO ORDERED.**

Dated:   November 4, 2024
         Central Islip, New York

                                              /s/ (JMA)
                                           JOAN M. AZRACK
                                           UNITED STATES DISTRICT JUDGE

---

[3]   The Court notes that after Judge Grossman's order denying the stay motion filed in Bankruptcy Court, Appellant subsequently filed an adversary proceeding in the Bankruptcy Court related to the value and validity of the lien in question. (See ECF No. 101, In re Sucha Singh Kahlon, No. 8-24-70424-reg.) This does not affect Judge Grossman's observation that this is essentially a "two-party" dispute and that Appellant had failed to file an adversary proceeding for the first 8 months of the Bankruptcy proceeding. (See Sep. 16, 2024 Tr. at 31; Oct. 7, 2024 Tr. at 7-8, 11-12.)